IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HAMILTON, | 1:10-cv-00272 GSA PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS TIME BARRED |
| v. | RESPONSE DUE IN THIRTY DAYS |
| JOHN HART, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

This action proceeds on the original complaint filed on February 18, 2010. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this action pursuant to 42 U.S.C. § 1983 against correctional officials at Kern Valley State Prison. The event that gives rise to this lawsuit occurred while Plaintiff was housed at Kern Valley.

Plaintiff names as defendants the following individuals: Correctional Officer (C/O) John Hart; C/O C. Prouty; C/O R. Phillips; C/O J. Ronquillo; C/O D. Castro; C/O Llamas; C/O Scott; C/O Durden; C/O Perez; C/O Gonzalez; C/O Massey; C/O Bogle; C/O Trupe; C/O Ocampo. Plaintiff claims that Defendants violated his right to be free from cruel and unusual punishment in violation of the Eight Amendment. Specifically, Plaintiff alleges that Defendants subjected him to excessive force, and failed to decontaminate Plaintiff after spraying him with pepper

spray.

The event that gives rise to this lawsuit occurred on February 21, 2006. Plaintiff refused a cellmate, and in response, Defendants sprayed him with pepper spray. Plaintiff alleges that Defendants refused to decontaminate him and subjected him to further harm by kicking and stomping him.

Federal law determines when a civil rights claim accrues. Elliott v. City of Union City, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of this action. Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996). At the time Plaintiff's claim accrued, the statute of limitations was one year. Cal. Civ. Proc. Code § 340(3); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)(Cal. Civ. Proc. § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period in state law. Hardin v. Straub, 490 U.S. 536, 539 (1989). Pursuant to California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commending with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and is entitled to application of the two year tolling provision. Plaintiff therefore had one year, plus two years for tolling, for a total of three years from February 21, 2006, in which to file suit. This action was initiated by civil complaint filed on February 18, 2010, over one year after the limitation period expired.

Although the statute of limitations is an affirmative defense that normally may not be

raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records, Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984). See Levald, Inc. V. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).   That is the case here: the defense appears complete and obvious from the face of the complaint.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why this action should not be dismissed as time barred. Plaintiff's failure to respond to this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **May 10, 2012**                         /s/ **Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE

3