UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DENNIS HAMILTON, | ) | 1:10-cv-00272-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER RESCINDING ORDER |
| | ) | TO SHOW CAUSE ISSUED ON |
| v. | ) | MAY 10, 2012 |
| | ) | (Doc. 13.) |
| JOHN HART, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I. BACKGROUND**

Dennis Hamilton ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 18, 2010. (Doc. 1.) On April 13, 2010, Plaintiff consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On May 10, 2012, the Court issued an order for Plaintiff to show cause why this case should not be dismissed as time barred. (Doc. 13.) On June 12, 2012, Plaintiff filed a response to the order. (Doc. 15.)

## II.  STATUTE OF LIMITATIONS

Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.  Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.  California's statute of limitations for personal injury actions requires that the claim be filed within 2 years.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004)(Cal. Civ. Proc. Code § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period in state law.  Hardin v. Straub, 490 U.S. 536, 539 (1989).  Pursuant to Cal. Civ. Proc. Code § 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1 provides, in pertinent part, as follows:

> (a)  If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records, Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).  See

Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).

In the order to show cause, the Court found that at the time Plaintiff's claim accrued, the statute of limitations was one year, and because Plaintiff was incarcerated at the time the cause of action accrued, he had one year, plus two years for tolling, for a total of three years from February 21, 2006, in which to file suit.  The Court concluded that it appears complete and obvious from the face of Plaintiff's Complaint that his claims are barred, because this action was initiated by civil complaint filed on February 18, 2010, more than one year after the limitation period expired.

Plaintiff responds that his case falls under a four-year statute of limitation, because pursuant to § 335.1, California's new statute of limitations for assault, battery, and other personal injuries is now two years instead of one year for all cases accruing after January 1, 2003. Plaintiff asserts that his claims arose from events occurring on February 21, 2006, which was after the new limitations period went into effect, and therefore he is entitled to application of the two year statute of limitations plus two years for tolling, for a total of four years from February 21, 2006, in which to file suit.

**Discussion**

Plaintiff 's argument has merit.  Because it appears from the Complaint that Plaintiff's cause of action accrued on February 21, 2006, and § 335.1 -- which extended the statute of limitations from one to two years -- applies to claims that accrued after January 1, 2003, Plaintiff is entitled to apply the two year statute of limitations.  Because Plaintiff was incarcerated at the time his claim accrued, he is entitled to apply the two-year tolling provision for incarcerated persons.  Thus, Plaintiff had four years from February 21, 2006 to file this action.  Plaintiff filed the Complaint commencing this action on February 18, 2010, less than four years after February

21, 2006.  Therefore, Plaintiff's claims in this action are not barred by the applicable limitations period.  Accordingly, the Court's order to show cause shall be rescinded.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court's order to show cause, issued on May 10, 2012, is RESCINDED; and

2. Plaintiff's Complaint shall be screened pursuant to 28 U.S.C. § 1915A forthwith.

IT IS SO ORDERED.

Dated:   **March 21, 2013**                      **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE