UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HAMILTON,<br><br>      Plaintiff,<br><br>   v.<br><br>JOHN HART, et al.,<br><br>      Defendants. | 1:10-cv-00272-LJO-GSA-PC<br><br>ORDER DENYING UNENUMERATED RULE 12(b) MOTIONS, WITHOUT PREJUDICE, ON PROCEDURAL GROUNDS AND REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING OR MOTION WITHIN THIRTY DAYS<br>(Docs. 26, 28, 37.)<br><br>ORDER VACATING ORDER ISSUED ON MARCH 25, 2014 WHICH REQUIRED PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF OPPOSITION<br>(Doc. 38.) |

Plaintiff Dennis Hamilton ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 18, 2010. This action is proceeding with Plaintiff's initial Complaint on Plaintiff's Eighth Amendment claims for (1) excessive force, against defendants Correctional Officers (C/Os) Hart, Doe Lieutenant, Castro, Llamas, Prouty, Phillips, and Ronquillo; (2) inadequate medical care, against defendants C/Os Hart, Phillips, Bogle, Prouty, Ronquillo, Trupe and Ocampo; and (3) failure-to-protect Plaintiff, against defendants C/Os Phillips and Ronquillo.

On October 15, 2013, December 2, 2013, and January 28, 2014, defendants Hart, Phillips, Bogle, Prouty, Ronquillo, Llamas, Trupe and Ocampo ("Defendants") filed unenumerated Rule 12(b) motions to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). (Docs. 26, 28,

37.)  Plaintiff has filed an opposition to the October 15, 2013 and December 2, 2013 motions, and Defendants have filed a reply to Plaintiff's opposition.  (Docs. 33, 35.)  On March 25, 2014, the court issued an order requiring Plaintiff to file an opposition or statement of non-opposition to the January 28, 2014 motion, within thirty days.  (Doc. 38.)

On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion.  Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc).  Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino, 2014 WL 1317141, at *4 (quotation marks omitted).  An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion.  Id.

Accordingly, in light of the decision in Albino, it is HEREBY ORDERED that:

1. Defendants' unenumerated Rule 12(b) motions, filed on October 15, 2013, December 2, 2013, and January 28, 2014, are DENIED, without prejudice, on procedural grounds;

2. Defendants have **thirty (30) days** from the date of service of this order within which to file a responsive pleading or motion; and

3. The court's order issued on March 25, 2014, which required Plaintiff to file an opposition or statement of opposition to Defendants' motion to dismiss of January 28, 2014, is VACATED.

IT IS SO ORDERED.

Dated:   **April 11, 2014**                    /s/ Gary S. Austin
                                            UNITED STATES MAGISTRATE JUDGE