UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. HAMILTON,<br><br>    Plaintiff,<br><br>   vs.<br><br>JOHN HART, et al.,<br><br>    Defendants. | 1:10-cv-00272-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDER<br>(Doc. 46.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY (30) DAYS |

On July 17, 2014, the Court issued an order requiring Plaintiff to file a response to Defendants' motion for summary judgment by October 19, 2014. (Doc. 46.) The deadline has now expired, and Plaintiff has not filed a response to the motion for summary judgment or requested an extension of time to comply with the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since February 18, 2010.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's inability to adhere to the court's deadlines to prosecute this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by defending his lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to Defendants' motion for summary judgment that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage of the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.  The dismissal being considered in this case is with prejudice, which is the harshest possible sanction.  However, the Court finds this sanction appropriate in light of the fact that four months have passed since Defendants filed the motion for summary judgment, and Plaintiff has yet to appropriately respond.  Moreover, Plaintiff was forewarned in the Court's order of July 17, 2014 that his failure to comply with the court's order may result in the dismissal of this action.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the court's order of July 17, 2014.  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served

with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **November 5, 2014**                              **/s/ Gary S. Austin**
                                                                                         UNITED STATES MAGISTRATE JUDGE