UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HAMILTON,<br><br>          Plaintiff,<br><br>     vs.<br><br>C/O LLAMAS, et al.,<br><br>          Defendants. | 1:10-cv-00272-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Doc. 54.)<br><br>ORDER DIRECTING CLERK TO REOPEN CASE<br><br>THIRTY DAY DEADLINE TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |

**I.     BACKGROUND**

Dennis Hamilton ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on February 18, 2010.  (Doc. 1.)  This case was dismissed on December 16, 2014, based on Plaintiff's failure to prosecute and failure to obey the court's order requiring him to file a response to Defendants' motion for summary judgment.  (Doc. 50.)

On April 20, 2015, Plaintiff filed a motion which the court construes as a motion for reconsideration of the December 16, 2014 order dismissing the case.  (Doc. 54.)

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent

manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### A. **Plaintiff's Motion**

Plaintiff's motion is titled "Motion Requesting Inquiry into Correctional Staff Involvement into Denying Plaintiff Access to the Courts." (Doc. 54.) Plaintiff raises concerns that a Correctional Officer (C/O) changed the address on his legal mail to the court, causing the mail to be returned as undeliverable. Plaintiff asserts that he gave his outgoing mail to C/O Bustamante for inspection and mailing, and C/O Bustamante would always make comments about Plaintiff sending so much mail. Plaintiff addressed his mail to the court using the address "1130 O Street, 5th Floor, Room 500, Fresno, CA 93721." Sometimes the mail was received by the court, and sometimes the mail was returned to Plaintiff as undeliverable, with notice that the address was incorrect. Plaintiff submits copies of some of his envelopes addressed to the

"1130 O Street" address, which were returned to him with portions of the address marked out. (Exhibits to Doc. 54.) Plaintiff concludes that C/O Bustamante must have marked out portions of the court's address before his envelopes were mailed, causing them to be returned as undeliverable.

Plaintiff asserts that he attempted to mail his opposition to Defendants' motion for summary judgment on November 4, 2014, but the mail was returned to him as undeliverable. Plaintiff asserts that he mailed objections to Magistrate Judge's findings and recommendations on December 1, 2014, but the objections were returned to him as undeliverable on December 23, 2014.  On December 26, Plaintiff received notification that the findings and recommendations had been adopted and his case was dismissed on December 16, 2014.  On December 28, 2014, Plaintiff mailed a notice of appeal to the court which was returned to him on February 13, 2015 as undeliverable.  Afterward, Plaintiff successfully mailed a notice to the court which was filed on February 24, 2015.  Plaintiff asserts that as soon as C/O Bustamante left the building where Plaintiff was housed, Plaintiff's legal mail began reaching the court, as shown by his successful mailing of the notice filed on February 24, 2014.

Plaintiff argues that he was not at fault when his mail was not received by the court, and he did not fail to prosecute this case.  Plaintiff asserts that he attempted to respond to every court order in a timely fashion, but he was hindered from doing so.  Plaintiff requests that this case be reopened, that his opposition to the motion for summary judgment be filed, and that this case be allowed to proceed.

**B.  Discussion**

Plaintiff has set forth facts of a strongly convincing nature to induce the court to reverse its prior decision dismissing this case.  Plaintiff has shown evidence that he made a good faith attempt to timely comply with the court's orders and send documents to the court as required.  However, Plaintiff is advised that he has been using an incorrect address for the court.  The correct address is: **U.S. District Court, 2500 Tulare Street, Rm. 1501, Fresno, CA 93721**.  Plaintiff should begin using the court's correct address immediately.  The fact that some of Plaintiff's mis-addressed mail found its way to the court can be explained by the fact that some

of the mail was forwarded to the court's correct address. The "1130 O Street" address that Plaintiff was using is the court's prior address before the court moved into a new building in 2006.

Given Plaintiff's new evidence, the motion for reconsideration shall be granted, this case shall be reopened, and Plaintiff shall be granted thirty days in which to file his opposition to Defendants' motion for summary judgment.

### III.     CONCLUSION AND ORDER

The court finds that Plaintiff has shown evidence that this case should be reopened. Plaintiff shall be granted thirty days in which to file his opposition to Defendants' motion for summary judgment of April 29, 2014.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's motion for reconsideration, filed on April 20, 2015, is GRANTED;
2. The Clerk of Court is directed to REOPEN this case;
3. Within thirty days of the date of service of this order, Plaintiff shall file his opposition to Defendants' motion for summary judgment of April 29, 2014;
4. Plaintiff shall use the court's correct address for all of his mail sent to the court:

   **U.S. District Court**
   **2500 Tulare Street, Rm. 1501**
   **Fresno, CA 93721**;

   and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **April 23, 2015**             /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE