UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. HAMILTON,<br><br>             Plaintiff,<br><br>      vs.<br><br>JOHN HART, et al.,<br><br>             Defendants. | 1:10-cv-00272-DAD-EPG-PC<br><br>**SCHEDULING ORDER FOLLOWING STATUS CONFERENCE HELD ON DECEMBER 14, 2015**<br><br>**ORDER SETTING EVIDENTIARY HEARING**<br><br>Date:  **January 26, 2016**<br>Time:  **10:00 a.m.**<br>**Honorable Erica P. Grosjean, Courtroom 10** |

## I.    BACKGROUND

Plaintiff, Dennis L. Hamilton ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's original Complaint filed on February 18, 2010, on Plaintiff's Eighth Amendment claims for (1) excessive force, against defendants Correctional Officers (C/Os) Hart, Castro, Llamas, Prouty, Phillips, and Ronquillo, and a Doe Defendant (Lieutenant)[1]; (2) inadequate medical care, against defendants C/Os Hart, Phillips, Bogle, Prouty, Ronquillo, Trupe and Ocampo; and (3) failure to protect Plaintiff, against defendants C/Os Phillips and

---

[1] Plaintiff has not sufficiently identified the Doe Defendant to initiate service of process.

1

Ronquillo.[2]  (ECF No. 1.)  The events at issue allegedly occurred at Kern Valley State Prison (KVSP) in Delano, California, while Plaintiff was incarcerated there.

On April 29, 2014, Defendants filed a motion for summary judgment for failure to exhaust administrative remedies.  (ECF No. 41.)  On May 26, 2015, Plaintiff filed an opposition to the motion.  (ECF No. 56.)  On June 2, 2015, Defendants filed a reply to the opposition. (ECF No. 57.)  Defendants' motion is pending.

## II.   STATUS CONFERENCE

On December 14, 2015 at 10:00 a.m., a telephonic status conference was held before Magistrate Judge Erica P. Grosjean.[3]  Plaintiff appeared telephonically on his own behalf, and Deputy District Attorney R. Lawrence Bragg appeared telephonically on behalf of Defendants.

The parties discussed Defendants' pending motion for summary judgment, and an evidentiary hearing was scheduled for January 26, 2016 at 10:00 a.m. before the undersigned. Issues for the hearing include (1) whether Plaintiff properly submitted a timely and sufficient prison grievance concerning the events at issue in this case, to which he never received a response; (2) whether Plaintiff's 602 appeal KVSP-0-06-03835, which was decided at the final level of review, exhausting Plaintiff's remedies for that appeal, concerned the events at issue in this case and satisfied the exhaustion requirement; and (3) whether tolling of the deadline to file an appeal should apply to Plaintiff's 602 appeal submitted on April 6, 2006.  The parties may only address issues concerning Plaintiff's exhaustion of remedies.  The Court shall issue a writ of habeas corpus ad testificandum to transport Plaintiff to the Court for the hearing.

Before the hearing, the parties are required to exchange all documents relating to Plaintiff's grievances and appeals at issue.  To that end, Defendants shall make a reasonable search of available prison records for any relevant documents or electronic materials.  The Court found that Plaintiff's issue concerning Officer Reynoso and whether Plaintiff was

---

[2] On April 30, 2013, the Court issued an order dismissing Plaintiff's retaliation claim from this action for failure to state a claim, and dismissing defendants Scott, Durden, Perez, Gonzalez, and Massey from this action, for Plaintiff's failure to state any claims against them upon which relief may be granted under 1983. (ECF No. 19.)

[3] The Status Conference was scheduled to begin at 9:00 a.m. but there was a delay in connecting all of the parties on the conference call.

entitled to an interview on January 17, 2006, is not relevant to the exhaustion issue, and no discovery concerning this issue shall be allowed before the hearing.

The parties shall be prepared to submit exhibits in proper form at the evidentiary hearing, with proper foundation. The original and five copies of all exhibits, along with exhibit lists, shall be submitted to Courtroom Deputy Amanda Martinez no later than January 19, 2016.[3] Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendants' exhibits shall be pre-marked with the prefix "DX" and lettered sequentially beginning with A (e.g., DX-A, DX-B, etc.).

Plaintiff indicated that he does not know the name of his prospective witness, the officer who collected Plaintiff's appeal from Plaintiff's cell door during mail call on February 26, 2006. Defense counsel agreed to make an attempt to identify and locate the officer who was on duty at KVSP and collected Plaintiff's mail on February 26, 2006. Plaintiff did not identify any other witnesses he wishes to bring to the hearing.[4] Plaintiff may call or cross-examine any of Defendants' witnesses who are present for the evidentiary hearing. The motion for summary judgment will be resolved via Findings and Recommendations from the undersigned and an Order from the District Judge assigned to this case, following the hearing on January 26, 2016.

---

[3] Original for the Courtroom Deputy, one copy for the undersigned, one copy for the Court Reporter, one copy for the witness stand, one copy for the opposing side, and one copy to be retained by the party.

[4] Should Plaintiff seek the attendance of any incarcerated witnesses to testify on his behalf during the hearing, he must file a motion **within twenty days**. The witness must be able to testify to information that is relevant to Plaintiff's contention that he followed the proper prison procedures and attempted to timely file an inmate appeal to exhaust his claim. This means the witness saw or heard something relevant, or has relevant information regarding the prison's procedure for submitting appeals, etc. Plaintiff must provide the name and CDCR number for each witness, and must set forth what relevant information each proposed witness possesses. Plaintiff may also seek the attendance of unincarcerated witnesses such as correctional officers. However, unincarcerated witnesses must be paid a daily witness fee of $40.00 and must be reimbursed for roundtrip mileage. 28 U.S.C. § 1821. There is no fund available to pay these fees on Plaintiff's behalf. See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989). Therefore, the Court will direct the United States Marshal to serve unincarcerated witnesses with subpoenas to appear at the hearing only if Plaintiff submits a money order, for each witness sought, made payable to the witness for $40.00 plus cost of mileage. Plaintiff must notify the Court **within twenty days** if he has the funds to subpoena unincarcerated witnesses and if so, what the witnesses' names are and where the witnesses are located. The Court will calculate the mileage for Plaintiff and notify him of the amount he owes. Because the Marshal needs adequate time to personally serve the subpoenas, it is very important that Plaintiff comply with the twenty-day deadline to notify the Court of the availability of funds and desire to subpoena unincarcerated witnesses.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. An evidentiary hearing is scheduled for January 26, 2016 at 10:00 a.m. before the undersigned in Courtroom 10 on the sixth floor of the United States Courthouse, 2500 Tulare Street, Fresno, California;

2. Plaintiff's motion for the attendance of incarcerated witnesses, if any, must be filed within **twenty (20) days** from the date of service of this order, as instructed by this order;

3. If Plaintiff wishes to seek the attendance of any unincarcerated witnesses and has the funds to pay the daily witness fee plus mileage, he **must** notify the Court of the names and locations of those witnesses within **twenty (20) days** from the date of service of this order;

4. Defendants' opposition, if any, must be filed within **ten (10) days** from the date of service of Plaintiff's motion;

5. The parties shall file their proposed witness lists and exhibits lists on or before **January 19, 2016**; and

6. The parties shall submit five copies of their exhibits and exhibits lists, marked and in proper form, to Courtroom Deputy Amanda Martinez one week before the hearing, to be received no later than **January 19, 2016**.

IT IS SO ORDERED.

Dated:   **December 16, 2015**                    /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE

4