1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

DENNIS L. HAMILTON,

**Case No. 1:10-cv-00272-DAD-EPG-PC**

12

Plaintiff,

**ORDER AFTER HEARING RE:**
**DISCOVERY ISSUES**

13

vs.

14

JOHN HART, *et al*.,

15

Defendants.

16
17
18

Plaintiff Dennis Hamilton is a state prisoner proceeding *pro se* and *in forma pauperis*

19

with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint

20

commencing this action on February 18, 2010.  (ECF No.1.)  This action is currently

21

proceeding on the original Complaint on Plaintiff's Eighth Amendment claims for: (1)

22

excessive force, against defendants Hart, Doe Lieutenant,[1] Castro, Llamas, Prouty, Phillips, and

23

Ronquillo; (2) inadequate medical care, against defendants Hart, Phillips, Bogle, Prouty,

24

Ronquillo, Trupe and Ocampo; and (3) failure to protect Plaintiff, against defendants Phillips

25

and Ronquillo.[2]  *Id.*

26
27

[1] Plaintiff has not sufficiently identified the Doe Lieutenant to initiate service of process.

28

[2] On April 30, 2013, the Court issued an order dismissing Plaintiff's retaliation claim from this
action for failure to state a claim, and dismissing defendants Scott, Durden, Perez, Gonzalez,

On November 2, 2016, the Court held a Mandatory Scheduling Conference.  During this conference, the parties each indicated they had each served discovery and defendants had made some initial production and objections.  Plaintiff described a number of discovery requests that he had served on Defendants and expressed his dissatisfaction with Defendants' objections and responses to those requests.  Among other things, Plaintiff requested:

- Documents demonstrating any record of misconduct or discipline for each named defendant after the alleged incident;

- Documents demonstrating any past disciplinary actions against defendants for any misconduct;

- Documents showing any pepper spray decontamination procedures in effect at the time of the alleged incident;

- Documents showing the incidence of injury resulting from the placement of inmates with cellmates after the inmate has objected to placement with that cellmate;

- Documents or other information showing any other incidents at Kern Valley State Prison involving the use of pepper spray;

- Information on which defendants escorted Plaintiff from administrative segregation B114 to D2115; and,

- Information from defendant Bogle about decontamination protocols.

Plaintiff also indicated that he had served Defendants with additional discovery requests (some of which concerned the above information) one week ago, although Defendants indicated that they had not received those requests.[3]

The Court heard argument with respect to these discovery requests.  It ordered certain

---

and Massey from this action, for Plaintiff's failure to state any claims against them upon which relief may be granted under  1983.  (ECF No. 19.)

[3] Plaintiff also indicated that he had mailed documents to the Court for filing on the same date, but the documents were not reflected on the Court's docket. After the hearing, however, Plaintiffs documents were received in the mail and were filed by the Clerk of the Court.

2

disclosure of information and documents as indicated below, and also set forth a procedure for further disclosures and responses.[4]

**<u>Documents demonstrating any record of misconduct or discipline for each named defendant after the alleged incident</u>**

Under Rule 401 of the Federal Rules of Evidence, "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable that it would be without the evidence, and (b) the fact is of consequence in determining the action."  As discussed on the record, any incidents related to misconduct or discipline of any of the Defendants *after* the incident in question are not relevant to assess whether Defendants used excessive force against Plaintiff or failed to treat Plaintiff *during* the incident.  Defendants' relevance objection to this request for documents is thus sustained.

\\\

\\\

---

[4]  Defense counsel objected to any discovery orders unless and until a motion to compel had been filed and responded to.  The Court overrules this objection and orders discovery as provided in this order notwithstanding the lack of a formal motion to compel.  Under Rule 16 of the Federal Rules of Civil Procedure, the Court may "consider and take appropriate action" on matters including "controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37," and "facilitating in other ways the just, speedy, and inexpensive disposition of the action."  Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." <u>In re Arizona</u>, 528 F.3d 652, 655 (9th Cir. 2008)  (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery.").  Both parties were given a chance to be heard on the record and voice objections to the discovery requests.  Although almost all of the discovery issues raised at the hearing concerned discovery already requested in written discovery, and to which defendants have already provided objections, it is also worth noting that the Advisory Committee Notes to Rule 26 provide that "The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request."  The Court also takes notice of the growing common practice especially in this district, of resolving discovery disputes through informal hearings short of formal motions to compel for the sake of efficiency of all parties and the court and to expedite litigation.

3

**Documents demonstrating any past disciplinary actions against defendants for any misconduct**

Defendants represent that the only defendant with any prior complaint against him is Defendant Ronquillo. That complaint did not involve the use of pepper spray. Defendants' relevance objection to this request for documents is thus sustained.

**Documents showing any pepper spray decontamination procedures in effect at the time of the alleged incident**

Defendants acknowledge that they have been unable to locate these policies, but are continuing to search for them. Defendants are thus directed to continue to search for these documents and produce them within **60 days** of the date of this Order or further supplement their responses with a statement that they have conducted a diligent search and reasonable inquiry of their records but have been unable to locate any such documents.  To the extent that procedures in place at the time are no longer available, Defendants are directed to provide the procedures closest in time to the date of the incident that are still available.

**Documents showing the incidence of injury resulting from the placement of inmates with cellmates after the inmate has objected to placement with that cellmate**

Defendants object to this request based on relevance.  Plaintiff's theory of relevance is based on his allegation that Defendants used excessive force against him only after he refused to be placed in a cell with another inmate.  Plaintiff argues that any documents showing that cellmates injure each other would be relevant to show that his fear of being placed in a cell with another inmate was justified.  There is no indication that Plaintiff had access to any such documents or studies at the time of the incident, although he presumably was subjectively aware that inmates sometimes injure their cellmates.

The Court does not find that the requested documents are sufficiently relevant to outweigh the burden involved in locating such documents, not to mention the confidentiality and security concerns associated with production of records involving other inmates.  Prior incidents of cellmate assaults do not make it more or less likely that any of the Defendants used excessive force against Plaintiff, failed to treat Plaintiff, or retaliated against Plaintiff.  Even

4

assuming that Plaintiff's theory is correct that he refused a cellmate due to concern on his safety, that does not shed light on the amount of force because such force will be evaluated against the physical resistance and force that Plaintiff used against the officers.  In other words, Defendants have not contended that they used force in order to push Plaintiff into a cell—Defendants contend that they used force because Plaintiff was threatening Defendants.  The reason behind Plaintiff's force, if any, has only tangential relevance to this case.

Moreover, the requested documents would not shed any light on Plaintiff's state of mind at that time because he did not have access to any such documents or studies.  While Plaintiff may certainly testify about his own subjective beliefs at the time of the incident, after the fact documents regarding unrelated incidents are not relevant.

Defendants also represented that gathering such information would be unduly burdensome because it would require a review of every inmate file to determine if it contained information regarding such incidents.  Defendants represented that there was no central location for cellmate assaults.

Accordingly, Defendants' objection is sustained.

**Documents or other information showing any other incidents at Kern Valley State Prison involving the use of pepper spray**

Defendants object to this request because it is overbroad and unduly burdensome.  They also note that the compilation of this information would require sorting through the medical records of other inmates, which are protected by the right to privacy.

The Court agrees that the request, as phrased, is overbroad and demands more information than is commensurate to Plaintiff's claims.

However, information concerning the past use of pepper spray *by Defendants* is arguably relevant as it relates to the decontamination protocols that Defendants allege they were following.  Defendants contend that, at the time of the incident, it was a standard policy or practice to allow a pepper sprayed inmate to "decontaminate by air," rather than decontaminating the inmate using clean water.  Defendants have also contended that they intend to show that they are entitled to qualified immunity because they followed that standard

5

policy or practice in this instance.  Evidence that they followed that practice in previous instances involving pepper spray would support the contention that they understood decontamination by air to be an accepted practice.  Evidence that they followed an alternative decontamination method in previous instances, on the other hand, could indicate that Plaintiff was singled out for different treatment in conscious disregard of standard practices.

"[C]ourts have the duty to pare down overbroad discovery requests under Rule 26(b)(2)."  *Rowlin v. Alabama Dept. of Public Safety*, 200 F.R.D. 459, 461 (M.D. Ala. 2001), *citing Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990); *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 602 (D. Nev. 2016) ("the Supreme Court and the Advisory Committee on the Civil Rules have encouraged trial courts to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse.").  Thus, the Court will allow Plaintiff's request but will narrow the scope of the requested information to elicit only information about the named Defendants.  In particular, Defendants shall respond to the following questions:

1. Other than the events alleged in the Complaint, have you ever applied pepper spray to an inmate?
2. If so, did you allow the inmate to decontaminate by using clean, cool water afterwards?

Defendants shall serve their responses to these interrogatories on Plaintiff within **30 days** after the date this Order is issued.

**Information on which defendants escorted Plaintiff from administrative segregation B114 to D2115**

Plaintiff requests information regarding which Defendants escorted him from administrative segregation building B114 to building D2115.  To the extent Plaintiff seeks identifying information about which Defendants escorted him between these buildings, the Court finds nothing objectionable.  Defendants shall provide this information to Plaintiff within **30 days** after the date this Order is issued.

\\\
\\\

**Information from defendant Bogle about decontamination protocols**

Plaintiff asks for an interrogatory to Defendant Bogle about her medical training and practices in decontaminating inmates who have been pepper sprayed. The Court has narrowed the scope of information sought from Defendant Bogle to:

1. In your medical training, is it appropriate to decontaminate an inmate who has been pepper sprayed without a shower?

Defendant Bogle shall serve her response to this interrogatory on Plaintiff within **30 days** after the date this Order is issued.

**Plaintiff's Outstanding Discovery Requests**

As noted above, Plaintiff noted that he served further discovery requests on Defendants over one week before the scheduling conference. Defendants, however, had not yet received these requests. Plaintiff also filed documents with the Court, but the Court had not yet received those documents at the time of the scheduling conference. The Court has now received those documents, however. Defendants are instructed to notify Plaintiff and the Court if they have not received Plaintiff's discovery requests within **14 days** after the date this Order is issued.

A separate order scheduling this case will issue shortly.

IT IS SO ORDERED.

Dated:   **November 10, 2016**                    /s/ Erica P. Groj

UNITED STATES MAGISTRATE JUDGE

7