UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. HAMILTON,<br><br>        Plaintiff,<br><br>    vs.<br><br>JOHN HART, *et al.*<br><br>        Defendant. | **Case No. 1:10-cv-00272-DAD-EPG (PC)**<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS FOR ISSUANCE OF SUBPOENA**<br><br>(ECF Nos. 89, 94.) |

## I.    BACKGROUND

Plaintiff Dennis Hamilton is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case is currently proceeding on Plaintiff's Complaint against Defendants Hart, Castro, Llamas, Prouty, Phillips, Ronquillo, Bogle, Trupe, and Ocampo for various claims arising out of the use of pepper spray against Plaintiff while he was incarcerated at Kern Valley State Prison.

On November 1, 2016, Plaintiff filed two requests for the issuance of subpoenas against a non-party commanding the production of Liz Freedman, a broadcast journalist for NBC News, and a videotape of a television episode produced by NBC News. (ECF No. 89.) Because of a delay in the mail, Plaintiff filed the same two requests again on November 8, 2016. (ECF No. 94.) Defendants have not objected to either of Plaintiff's subpoena requests.

\\\

1

## II. PLAINTIFF'S REQUESTS

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). A subpoena can also compel a non-party to testify in a deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Plaintiff's **first request** asks that NBCNews.com be compelled to produce "reporter Liz Freedman" to "make a statement or be called for questioning about the incident." (ECF No. 94.) Under Rule 30(a) of the Federal Rules of Civil Procedure, a party may take a non-party's deposition without leave of court. The non-party's "attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). Under Rule 45, however, a subpoena commanding attendance at a deposition "must state the method of recording the testimony" and must "tender the fees for 1 day's attendance and the mileage allowed by law." Plaintiff's *in forma pauperis* status "does not entitle him to waiver of witness fees, mileage or deposition officer fees." *Jackson v. Woodford*, Case No. 05-cv-0513-L(NLS), 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007), *citing* 28 U.S.C. § 1915(a); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). Plaintiff has not tendered the required fees or indicated a method for the recording of Freedman's testimony, nor does it appear that he is capable of doing so. Plaintiff's first request must thus be denied.

Plaintiff's **second request** is also directed at NBCNews.com and asks for "an unedited copy of the Kern Valley State Prison Lock Up episode where Dennis Hamilton appeared." (ECF No. 94.) The request does not explain the relevance of this video, although Plaintiff has

explained that he believes the episode contains an interview of him as well as footage of him in a cell after he had been pepper sprayed. Plaintiff has attempted to obtain this video from Defendants, but they have explained that it is not in their possession (and, in fact, they had been previously unaware of any such video). It is unclear whether Plaintiff has attempted to obtain a copy of this video via any other means.

Plaintiff's request for the issuance of a subpoena appears reasonably calculated to lead to the discovery of admissible evidence.[1] However, Plaintiff has requested that the subpoena be served to NBCNews.com at One Microsoft Way in Redmond, Washington. This is the address of Microsoft Corporation and not of NBC. While Plaintiff is proceeding *in forma pauperis*, and is thus entitled to service of the subpoena by the United States Marshal Service, 28 U.S.C. § 1915(d), he must provide an appropriate address for service of the subpoena. Thus, the Court will deny Plaintiff's request for a subpoena without prejudice. If Plaintiff is able to obtain an appropriate service address, he may request the issuance of a subpoena for this video again.

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the issuance of a subpoena to compel journalist Liz Freedman to testify (ECF Nos. 89, 94), is DENIED;

\\\
\\\
\\\
\\\
\\\
\\\

---

[1] Plaintiff is advised, however, that journalists are protected by a qualified privilege against compelled disclosure in discovery. Should NBC News assert this privilege, Plaintiff will be required to explain the video's relevance and any other attempts he has made to obtain the video in greater detail. *Shoen v. Shoen*, 5 F.3d 1289, 1292-93 (9th Cir. 1993) ("Rooted in the First Amendment, the privilege is a recognition that society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public, is an interest 'of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice.'"), *citing Herbert v. Lando*, 441 U.S. 153, 183 (1979) (Brennan, J., dissenting).

2. Plaintiff's request for the issuance of a subpoena to NBCNews.com for "an unedited copy of the Kern Valley State Prison Lock Up episode where Dennis Hamilton appeared" (ECF Nos. 89, 94) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **January 9, 2017**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE