UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS L. HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN HART, et al.,<br><br>    Defendants. | No.  1:10-CV-00272-DAD-EPG<br><br>ORDER DENYING REQUEST FOR RECONSIDERATION<br><br>(Doc. No. 99) |

On November 28, 2016, defendants in this action filed a request for reconsideration of an order issued on November 14, 2016 by the assigned magistrate judge.  (Doc. No. 99.) Specifically, on November 2, 2016, the assigned magistrate judge held a mandatory scheduling conference in this case that has been pending before the court since February 18, 2010. Following that conference at which both parties were fully heard, the assigned magistrate judge issued both a scheduling order (Doc. No. 92) and a detailed order addressing discovery issues which had been fully discussed at the conference (Doc. No. 95).  It is this latter order which is the subject of defendants' request for reconsideration.  Plaintiff filed no opposition to the request for reconsideration.  For the reasons set forth below, defendants' request for reconsideration will be denied.

Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may be decided by a magistrate judge, subject to reconsideration by the district judge.  *See also* Local Rule 303(c).  The assigned district judge shall, upon reconsideration, modify or set aside any part

1

of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Discovery motions are non-dispositive pretrial motions within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), and thus orders ruling on such motions are subject to the "clearly erroneous or contrary to law" standard of review. *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712 F.2d 1324, 1325 (9th Cir. 1983). While the "clearly erroneous" standard requires significant deference, "[t]he 'contrary to law' standard . . . permits independent review of purely legal determinations by the magistrate judge." *F.D.I.C. v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("[T]he phrase 'contrary to law' indicates plenary review as to matters of law.")); *see also Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003).

Defendants seek reconsideration of the magistrate judge's discovery order on the following grounds: (1) the order did not follow a formal, noticed motion to compel, but rather a scheduling conference at which the parties discussed ongoing discovery disputes; (2) plaintiff captioned his requests for discovery as a "Discovery Motion," which is not authorized by the Federal Rules of Civil Procedure; (3) the order failed to address defendants' objections to the discovery sought by plaintiff as overbroad and unduly burdensome; (4) production of discovery was ordered in a manner inconsistent with the scheduling order; and (5) the order "improperly favors" plaintiff. (Doc. No. 99 at 2–7.)

Rule 37 states, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Defendants argue, without authority, that the plain meaning of this rule *requires* a formal, noticed motion to compel and the magistrate judge's order requiring defendant to respond to a limited number of plaintiff's discovery requests is therefore contrary to law. (Doc. No. 99 at 2–3.) Clearly, that is not what the rule says. Any party "may move for an order compelling . . . discovery" on "notice" to other parties and affected persons. Fed. R. Civ. P. 37(a)(1). The word "notice" means "a formal or informal warning or intimation of something" or "actual knowledge of a pertinent legal fact." Webster's Third New International Dictionary (unabridged) ed: Philip Babcock Gove 1544.

Here, defendants had actual notice of plaintiff's discovery request and were given a full opportunity to be heard on the matter prior to the magistrate judge's ruling. (Doc. No. 95 at 3 n.4) ("Both parties were given a chance to be heard on the record and voice objections to the discovery requests."). Defendants provide no authority for the proposition that a formal, noticed motion to compel is required by the law. Moreover, courts in this circuit regularly and properly employ informal procedures in resolving discovery disputes. *See, e.g.*, *Engert v. Stanislaus Cty.*, No. 1:13-cv-0126-LJO-BAM, 2014 WL 5217301 (E.D. Cal. Oct. 14, 2014) (resolving discovery disputes during hearing without formal motion); *Thomas-Young v. Sutter Cent. Valley Hosps.*, No. 1:12-cv-01410-AWI-SKO, 2013 WL 30574167, at *1 (E.D. Cal. June 17, 2013) (same); *Honeywell Int'l, Inc. v. Western Support Grp.*, No. CV 12-00645-PHX-JAT, 2013 WL 2369919, at *1 n.2 (D. Ariz. May 29, 2013) (same).

In any event, "'[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'" *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)). Regarding a district court's authority in this regard, the Ninth Circuit has explained:

> [T]he district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.

*United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008). The assigned magistrate judge clearly had the legal authority to issue the order in question and defendants' argument to the contrary is meritless.

Defense counsel's second, third, and fourth objections to the magistrate judge's order are similarly without any merit. Concerning the second objection to the order, plaintiff's "Discovery Motion" was largely a request for production of documents, a common discovery tool to which defendants were generally able to respond appropriately. (Doc. No. 99 at 10–20.) The captioning

of the request by the pro se plaintiff is obviously irrelevant.  Next, the record clearly establishes that the magistrate judge *did* indeed address defendants' objections to plaintiff's discovery requests, and appropriately limited the discovery that was ordered to be produced.  (*See* Doc. No. 95 at 5–6) ("Defendants object to this request because it is overbroad and unduly burdensome. . . . The Court agrees that the request, as phrased, is overbroad and demands more information than is commensurate to Plaintiff's claims.")  Defendants' arguments to the contrary are simply belied by the record.  With respect to defense counsel's objection that the discovery order is somehow inconsistent with the scheduling order, the undersigned would note that it was the magistrate judge who entered the scheduling order here.  (Doc. No. 92.)  A rule prohibiting a judge from modifying the deadlines set in her own prior order would undermine the court's fundamentally necessary power to control its own docket.  *See W.R. Grace*, 526 F.3d at 509 ("There is a well[-]established principle that district courts have inherent power to control their dockets.") (quotations and citations omitted).

Defendants' final objection is that the magistrate judge's order must be vacated because it "improperly favors" plaintiff.  (Doc. No. 99 at 6–7.)  Accusations of bias in favor of the plaintiff run throughout defendants' request for reconsideration.  (Doc. No. 99 at 2) ("The Order also impermissibly favors Plaintiff Hamilton."); at 3 ("The Order effectively relieves Hamilton of [his burdens in bringing a motion to compel]."); at 4 n.4 ("This portion of the Order also impermissibly favors Hamilton . . ."); at 6 ("The Order improperly favors Hamilton by requiring Defendants to respond to his verbal requests for information presented at the Scheduling Conference without a formal discovery request, while Defendants must submit formal discovery requests under the Discovery Order.")  These unbecoming accusations are baseless and have no merit.

Defendants here claim plaintiff's status as a *pro se* prisoner entitles him to no special treatment as compared to represented parties, and that they would be expected to file a formal, noticed motion to compel and to correctly caption their discovery requests whereas plaintiff was not required to do so.  (Doc. No. 99 at 6–7.)  According to defendants, this reflects the magistrate

/////

4

judge's improper favoritism.[1] Once again, defendants' argument is lacking in any legal authority. Defendants cite two cases in support of this argument: *Jacobsen v. Filler*, 790 F.2d 1362 (9th Cir. 1986) and *United States v. Conforte*, 624 F.2d 869 (9th Cir. 1980). In *Jacobsen*, the Ninth Circuit *specifically* differentiated between prisoner and non-prisoner *pro se* plaintiffs, sanctioning different treatment of *pro se* prisoner litigants by noting the "unique handicaps" they face, including limited access to legal materials, sources of proof, and observing "that an inmate's choice of self-representation is less than voluntary." 790 F.2d at 1364 n.4; *see also Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (instructing courts to liberally construe motion papers submitted by *pro se* prisoner litigants) (internal citations omitted).[2]

Furthermore, a review of the discovery order of which defendants seek reconsideration shows that the assigned magistrate judge agreed with the defendants in large part, and sustained many of their objections to the discovery plaintiff sought. (Doc. No. 95.) Indeed, even in the few areas in which the magistrate judge ordered that discovery be produced to plaintiff, the scope of that discovery was significantly limited by the magistrate judge. (*Id.* at 5–7.) Nothing about the order in question suggests in any way that the magistrate judge had any improper bias toward either party in this action.

The undersigned pauses to note, once again, that this case was filed in 2010, and has been pending before the court for almost seven years. The express purposes of Rule 16 include "expediting disposition of the action" and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a). It is not in keeping with the spirit of Rule 16 to limit the ability of the magistrate judge to resolve discovery disputes in the most efficient manner possible. *See Chire v. New Castle Corp.*, No. 2:14-cv-00383-RFB-NJK, 2014 WL 4803109, at *1 (D. Nev. Sept. 26, 2014) ("Federal Rule of Civil Procedure 16 vests the Court with early control over cases 'toward a

---

[1] Defendants also incorrectly accuse the magistrate judge of propounding discovery requests, rather than interpreting and appropriately limiting discovery requests made by the plaintiff, as the record reflects the magistrate judge actually did. (Doc. No. 99 at 6.)

[2] *Conforte* is simply inapposite. The case considered whether a judge should have recused himself under 28 U.S.C. § 144. 624 F.2d 869, 878–81. There has been no suggestion here that the assigned magistrate judge should recuse herself here under 28 U.S.C. § 144.

process of judicial management that embraces the entire pretrial phase, especially motions and discovery.'") (quoting Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment).

For all of the reasons set forth above, defendants' meritless request for reconsideration (Doc. No. 99) is denied.

IT IS SO ORDERED.

Dated: __**January 18, 2017**__         _____
                                        UNITED STATES DISTRICT JUDGE